Hillsborough, }
Dec. 5, 1922. }

PETER KOSTORAS, *Adm'r*, v. WALKER D. HINES, *Director-General*.

The right of action created by P. S., c. 191, ss. 8–13, for injuries resulting in death ceases to exist at the end of the term prescribed thereby, and the provision of P. S., c. 217, s. 9, has no application.

CASE, for negligence resulting in the death of the plaintiff's decedent. The defendant filed the following motion as a brief statement under the general issue:

"The defendants say that the deceased Athanasius Kostoras, of whose estate the plaintiff in this action is Administrator, and in behalf of which this action is brought, died on the ninth day of March, 1919, and that this action was begun by writ dated April 16, 1921. Wherefore said defendants pray that this action may be dismissed and for their costs."

At the hearing upon the foregoing motion it appeared that the deceased met his death upon March 9, 1919, and that an action was commenced at the September term, 1919, against the present defendant to recover damages for causing his death. At the January term, 1921, the plaintiff took a voluntary nonsuit under date of January 31, 1921. The writ in the present action was dated April 6, 1921.

Upon the foregoing facts the court denied the motion and the defendant excepted. Transferred from the September term, 1921, of the superior court by *Branch*, J.

*James A. Broderick* (by brief and orally), for the plaintiff.

*Warren, Howe & Wilson (Mr. Howe* orally), for the defendant.

PEASLEE, J. In *Poff* v. *Company*, 72 N. H. 164, it was held that the present statute providing for the survival of actions of tort for causing injuries resulting in death (P. S., c. 191, ss. 8–13) was not to be treated as a mere statute of limitations, so far as the time within which suit must be brought was concerned, but that the right created was a limited one which ceased to exist at the end of the prescribed time. For this reason, it was there concluded that the usual rules of procedure relating to setting up a statute of limitations as a defence had no application. Following the same line of reasoning, it was held in *Desmarais* v. *Company*, 79 N. H. 195, that facts which might toll a statute of limitations were immaterial in a suit brought under this law.

These decisions, and the reasoning upon which they are based, are conclusive of the present case. The provision of P. S., c. 217, s. 9, to the effect that a new suit may be brought within one year, when the judgment in an earlier one seasonably brought does not bar the action, has no application. The provision relates to the statutory bar to a suit upon an otherwise continuing cause of action. It deals merely with statutes of repose. It has no application to causes whose term of existence is limited by the law which creates them.

The language employed in the revision of 1891 affords confirmatory proof that this is the true construction of the legislation then enacted. The provision that "Actions of tort for physical injuries . . . shall survive to the extent, and subject to the limitations, set forth in the five following sections, and not otherwise" (P. S., c. 191, s. 8), and the further provision that suit may be brought "within two years after the death of the deceased party, and not afterwards" (*Ib.*, s. 10), clearly express the legislative intent. A cause of action granted "to the extent . . . set forth in the five following sections, and not otherwise," does not contemplate an extension of the cause by provisions found in other statutes. The limitation that the suit may be brought within two years "and not afterwards," is not open to a construction which would sustain the present action.

Whether the provisions of Public Statutes, chapter 217, section 9, are to be confined to the limitations established by that chapter need not be considered. The positive provisions of chapter 191, and the nature of the right there given, necessarily exclude any application thereto of other and different provisions. By the express terms of chapter 217, its provisions do not apply "to cases in

which a different time is limited by statute." *Ib.*, s. 10. The action cannot be maintained.

*Judgment for the defendant.*

SNOW, J., did not sit: the others concurred.