Hillsborough, } No. 3501.
Jan. 2, 1945. }

WILFRID BOURQUE *& a. v.* MYRTICE D. ADAMS *& a.*

*Albert J. Lemieux*, for the plaintiffs.

*Wyman, Starr, Booth, Wadleigh & Langdell*, for the defendants.

BRANCH, J.   The defendants claimed title to the premises by virtue of a tax deed from the town of Amherst dated January 19, 1942.   The taxes for 1938 being unpaid, the premises were sold and bid in by the town upon September 23, 1939, and all statutory requirements were complied with.   At the time the taxes in question were assessed, chapter 66, section 17 of the Public Laws was in force and provided as follows: "The real estate of every person or

corporation shall be holden for all taxes assessed against the owner thereof; and all real estate to whomsoever assessed shall be holden for all taxes thereon. All such liens shall continue until one year from July first following the assessment." In 1939 this section was amended so as to provide that "all such liens shall continue until one year from October first following the assessment." Laws 1939, c. 29, s. 1. It thus appears that unless the lien of the town was governed by the Laws of 1939, the tax sale made upon September 23, 1939, was invalid, and upon this point the plaintiffs make two contentions, (1), that no evidence was introduced to show that chapter 29 of Laws of 1939, was signed by the Governor prior to July 1, 1939, and (2), that chapter 29 of the Laws of 1939 did not control this sale, since to give it this effect would be to hold that the law is retroactive in operation and hence unconstitutional.

The first contention of the plaintiffs can hardly be regarded as anything but frivolous. P. L. c. 5, ss. 1 and 2, provided for the publication of Session Laws by the Secretary of State. The Laws of 1939 were published in accordance with this authority and at the end of chapter 29, this notation appears: "Approved March 16, 1939." This statement in the official publication of the laws is sufficient evidence of the time when the act was signed by the Governor, and the Court takes judicial knowledge of the fact. See, Wig. Ev. (3d. ed.), s. 2572.

The second contention of the plaintiffs rests upon grounds which are hardly more substantial. The lien of the town came into existence on July 1, 1938 and would have expired upon July 1, 1939 but for the amendment contained in chapter 29 of the Laws of 1939. By force of that statute, however, it was extended to October 1, 1939. The plaintiffs argue that, "when the amendment was made, the rights of the parties had already been fixed, and the lien of the Town had already started to run. . . . No amendment could be made retroactive so that a lien already in existence would start on October first, 1938 instead of July 1, 1939." (sic) This argument is fallacious for the following reasons:

Article 23 of the New Hampshire Bill of Rights provides as follows: "Retrospective laws are highly injurious, oppressive, and unjust. No such laws therefore, should be made, either for the decision of civil causes, or the punishment of offenses." Under this constitutional provision it was early held that "every statute, which takes away or impairs vested rights, acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new

disability, in respect to transactions or considerations already past, must be deemed retrospective." *Woart* v. *Winnick*, 3 N. H. 473, 479. But it is equally well settled that statutes of limitation like that here involved, have to do only with the remedy for existing rights and hence are not within the constitutional prohibition of retrospective laws. *Clark* v. *Clark*, 10 N. H. 380, 386; *Gilman* v. *Cutts*, 23 N. H. 376, 381; *Willard* v. *Harvey*, 24 N. H. 344, 353. "A statute which . . . reduces or enlarges the time within which the action must be prosecuted, is not within the prohibition of the Constitution as a retrospective law." *Willard* v. *Harvey*, *supra*.

No rights were obtained or could be obtained by the plaintiffs by virtue of P. L. c. 66, s. 17, prior to July 1, 1939, and, therefore, no existing right of the plaintiffs was impaired by the passage of Laws of 1939, c. 29. "The statute of limitations may be changed by an extension of time, or by an entire repeal, and affect existing causes of action, which by the existing law would soon be barred. In such cases the right of action is perfect, and no right of defence has accrued from the time already elapsed." *Clark* v. *Clark*, 10 N. H. 380, 386.

The contention of the plaintiffs that the defendants held the title in trust for them presented an issue of fact which was decided adversely to them by the Presiding Justice. His decision being admittedly sustained by some of the evidence, cannot be reviewed by this Court.

*Exceptions overruled.*

All concurred.