Strafford,
No. 4558.

HARRY COSTORAS *v.* HAROLD B. NOEL.

Argued March 5, 1957.

Decided June 20, 1957.

*McCabe & Fisher* and *Harold D. Moran* (*Mr. Moran* orally), for the plaintiff.

*Burns, Calderwood, Bryant & Hinchey* (*Mr. Hinchey* orally), for the defendant.

LAMPRON, J. At common law there was no action for wrongful death nor did tort actions for personal injuries survive. *Burke* v. *Burnham,* 97 N. H. 203; *Dubois* v. *Pouliot,* 97 N. H. 78; *Hinman* v. *Director,* 79 N. H. 518. Therefore any right of action which

survived this injured plaintiff's death did so solely by virtue of RSA ch. 556 and its predecessor statutes and only to the extent specified by them. *Costoras* v. *Noel,* 100 N. H. 81, 82. The statute which creates the right also limits its existence. *Kostoras* v. *Hines,* 80 N. H. 500.

When there is an action pending at the death of the person injured this action is made to survive by RSA 556:9, but no other action can be instituted after his death by the personal representative. *Ham* v. *Interstate Bridge Authority,* 92 N. H. 268, 275; *Burke* v. *Burnham, supra,* 205. The only action the executor is admitted to prosecute is the pending action. *Piper* v. *Railroad,* 75 N. H. 435, 442, 443. Therefore any amendment offered by the executor to become party plaintiff and to allege the wrongful death of decedent must necessarily be an amendment of the action pending at the death of the injured party. *Ham* v. *Interstate Bridge Authority, supra.* However that action survives only in accord with the limitations imposed on it by the statute which creates it. *Kostoras* v. *Hines, supra.* It has become abated and forever barred by the failure of the executor to appear and assume its prosecution before the end of the second term after the decease of the injured party. It is therefore incapable of amendment. The plaintiff's motion should be denied and the defendant's granted.

*Judgment for the defendant.*

WHEELER, J., took no part in the decision; the others concurred.