JOHN J. RIESENBERG, SR.

v.

STATE OF NEW HAMPSHIRE & a.

January 31, 1975

*Goodnow, Arwe, Ayer & Prigge* and *Eric R. Gardner (Mr. Gardner* orally) for the plaintiff.

*Edward F. Smith, Andre J. Barbeau* and *Joseph Stewart (Mr. Barbeau* orally) for the defendant New Hampshire Department of Employment Security.

LAMPRON, J. Appeal by the New Hampshire Department of

Employment Security from a de novo determination by the Superior Court *(King,* J.) that plaintiff had not violated the provisions of RSA 282:14 D by willfully making false statements to obtain unemployment benefits. This was contrary to the finding made by the department's appeal tribunal which imposed certain penalties and disqualifications on the plaintiff and ordered him to make restitution in the amount of $232. Defendant's exception to the court's findings, rulings and decree were reserved and transferred.

The main issue before us is whether the appeal heard by the superior court was properly a de novo proceeding in accordance with RSA 282:5 G (3) which was the statutory requirement on March 14, 1973, when the court hearing took place, or whether that judicial review was confined to whether or not the commissioner's refusal to reopen the determination of the appeal tribunal "was the result of arbitrary, unreasonable or capricious action, or contrary to law" as provided by RSA 282:5 G (4) which governed appeals when plaintiff filed his on March 20, 1970.

Appeals to the superior court from administrative decisions under RSA 282:14 D are governed by RSA 282:5 G (5). For a period of 20 years beginning with Laws 1949, 290:2, these appeals were heard de novo by the superior court. By Laws 1969, 460:10 (RSA 282:5 G (5) (Supp. 1973)) such hearings were confined to whether or not the commissioner's refusal to reopen the prior administrative decision "was the result of arbitrary, unreasonable or capricious action, or contrary to law". RSA 282:5 G (4); *see Constantopoulas v. State,* 107 N.H. 400, 223 A.2d 418 (1966). This provision was in effect less than two years since by Laws 1971, 156:23 (RSA 282:5 G (5) (Supp. 1973)) the legislature reinstated the former de novo mode of appeal, which has prevailed since. The plaintiff's alleged violation, the decision of the appeal tribunal and the appeal to the superior court took place during the interval July 1, 1969, to April 1, 1971, when there was no provision for a de novo hearing in superior court. The defendant maintains that the then prevailing rule should govern the hearing on the appeal which took place on March 14, 1973, when the de novo provision had been reinstated for almost two years.

Statutes governing court review of the decisions of administrative bodies are generally regarded as procedural. *See* 2 A. Sutherland, Statutory Construction § 41.09, at 281 (4th ed. C. Sands 1972). The general rule that a statute will not be applied retroactively when it affects substantive rights does not prevail when dealing with statutes which merely relate to remedy and procedure. *Property*

*Owners Ass'n v. Sholley,* 111 N.H. 363, 365, 284 A.2d 915, 916 (1971). On the contrary such statutes are usually deemed to apply retroactively to those pending cases which on the effective date of the statute have not yet gone beyond the procedural stage to which the statute pertains. *City Council v. Vinciullo,* 307 N.E.2d 316, 318 (Mass. 1974).

In view of the long history of de novo hearings on appeals of this kind, as contrasted with the short-lived amendment to the contrary, we are of the opinion that applying the de novo procedural statute which prevailed at the time of the superior court hearing will implement the legislative intent in this respect. *See Hayes v. LeBlanc,* 114 N.H. 141, 316 A.2d 187 (1974). Furthermore, holding that the superior court properly heard the appeal de novo is in accord with the general rule that where the controlling procedural law has changed between the entering of an administrative decision and its consideration on appeal the current law is applied by the reviewing court. *City Council v. Vinciullo,* 307 N.E.2d 316 (Mass. 1974); 5 Am. Jur. 2d *Appeal and Error* § 729 (1962).

The administrative findings that the plaintiff willfully made false statements in violation of RSA 282:14 D were based on the fact that he signed claim record cards several times during the period October 31 through December 17, 1969, stating, with one exception, that he was unemployed while in fact he taught a speech therapy course two hours each week during that period and did not reveal this fact. On December 17, 1969, he received a check for $300 as wages for these lectures and advised the department on that same day.

The superior court made the following findings on appeal. The plaintiff made no false statements or misrepresentations as it was his honest belief that his teaching was not a paying proposition. When he found that he was paid money for his services he made full, immediate and voluntary disclosure to the department. His actions were reasonable and honest and plaintiff did not act fradulently. The court found plaintiff qualified and eligible for benefits and ordered adjustments to be made with regard to the $300 which he received. There is evidence in the record to support the court's findings and as its rulings mete out justice without impairing the effective administration of the act they are sustained. *Fleury v. State,* 114 N.H. 528, 323 A.2d 919 (1974).

*Exceptions overruled.*

All concurred.