Hillsborough
No. 7607

## LIBERTY MUTUAL INSURANCE COMPANY

### v.

## HOME INSURANCE INDEMNITY COMPANY,
## FIREMAN'S FUND INSURANCE COMPANY,
## RICHARD LAVIGNE,
## CAR LAND AUTO BODY, INC.
## JOHN E. AKERLY AND DONNA AKERLY

March 31, 1977

*Wadleigh, Starr, Peters, Dunn & Kohls,* of Manchester, and *James S. Yakovakis* (*Mr. Yakovakis* orally) for Liberty Mutual Insurance Company.

*A. J. McDonough* and *John P. Shea,* of Manchester (*Mr. Shea* orally) for Home Insurance Indemnity Company.

*Devine, Millimet, Stahl & Branch,* of Manchester, and *Gregory D. Prymak* (*Mr. Prymak* orally) for Richard Lavigne.

KENISON, C.J.  *Liberty Mutual Insurance Co. v. Home Insurance Indemnity Co.,* 116 N.H. 12, 351 A.2d 891 (1976), was a declaratory judgment action, RSA 491:22, in which we held that both Liberty and Home were obligated to provide insurance coverage for one Richard Lavigne who was involved in an automobile accident. In that litigation Richard Lavigne incurred certain court costs and attorneys' fees. Because he ultimately prevailed on the coverage issue, he sought reimbursement for his expenses under RSA 491:22-b (Supp. 1975). That provision states: "In any action to determine coverage of an insurance policy pursuant to RSA 491:22, if the insured prevails in such action, he shall receive court costs and reasonable attorneys' fees from the insurer." After a hearing, *Perkins,* J., denied Lavigne's motion for reimbursement. He seasonably excepted, and the case was reserved and transferred to this court.

The first question is whether RSA 491:22-b (Supp. 1975) applies to this suit in view of the fact that it became effective in August 1973, eighteen months after the parties filed their declaratory judgment suit in the superior court. The statute is silent as to whether it applies to suits arising before its effective date. In this respect it is distinguishable from RSA 281:37-a (Supp. 1975) which specifically states that attorneys' fees shall be awarded in workmen's compensation cases arising only after its effective date. Both Liberty and Home seek to avoid the impact of the statute by arguing that it alters the substantive rights of the parties and should therefore be applied prospectively only, *i.e.,* to suits commenced after August 1973. The insured, on the other hand, takes the position that the statute is remedial or procedural in nature. In such cases the presumption that a statute applies only prospectively is reversed, *Property Owners Ass'n v. Sholley,* 111 N.H. 363, 284 A.2d 915 (1971) ; 2 J. Sutherland, Statutes and Statutory Con-

struction § 41.09 (4th ed. C. Sands 1973), and the law may be applied to cases pending at the time of enactment. *Puntolillo v. New Hampshire Racing Comm'n,* 390 F. Supp. 231 (D.N.H. 1975); *Reisenberg v. State,* 115 N.H. 12, 332 A.2d 393 (1975).

■ We cannot agree with the insurance companies that RSA 491:22-b (Supp. 1975) is "substantive" as that label is used in the present context. The statute does not affect in any way the contractual relationship of the parties, the rights being litigated or the outcome of the case. The right to reimbursement arises, if at all, only after the merits of the case are decided. The provision simply supplements the existing remedy provided by RSA 491:22 and is therefore strictly remedial in nature. *Wichita v. Chapman,* 214 Kan. 575, 521 P.2d 589 (1974); *Igoe Bros. v. National Sur. Co.,* 112 N.J.L. 243, 169 A. 841 (1934).

■ "The substantial and overwhelming weight of authority is to the effect that unless a contrary intent clearly appears from the statute, the right to costs and attorney fees . . . is governed by the statute in force at the termination of the action, rather than at the time of its commencement." *In re Bellingham,* 10 Wash. App. 606, 608, 519 P.2d 1330, 1331–32 (1974); Annot., 96 A.L.R. 1428 (1935). This court's determination of the rights of the parties occurred subsequent to the effective date of the statute, and the insured is entitled to court costs and attorneys' fees even though the proceeding originally began prior to passage of the provision. *Dillingham Corp. v. Massey,* 505 F.2d 1126 (9th Cir. 1974); *Overseas African Constr. Corp. v. McMullen,* 500 F.2d 1291 (2d Cir. 1974); *Hogan v. Ingold,* 38 Cal. 2d 802, 243 P.2d 1 (1952). Our decision is not inconsistent with *Merchants Mutual Insurance Co. v. Transformer Service, Inc.,* 112 N.H. 360, 298 A.2d 112 (1972), in which we refused to apply retrospectively RSA 491:22-a (Supp. 1975). That provision shifts the burden of establishing coverage from the insured to his insurer. It fundamentally changes the relationship between the parties and does so in a fashion that significantly bears on the ultimate determination of their rights. The statute in this case has no such impact.

The second issue before us is whether Richard Lavigne should recover costs and attorneys' fees from Liberty, Home, or both insurers. The purpose of RSA 491:22-b (Supp. 1975) is to protect consumers against wrongful refusal of insurance companies to

provide coverage. N.H.H.R. Jour. 1905 (1973). In the original litigation both insurance companies denied any and all liability under their respective policies. However, we held that Liberty was liable within the $15,000 limit of its financial responsibility coverage, RSA 268:1 VII (Supp. 1975), and Home was liable within the limits of its $100,000 policy coverage. *Liberty Mut. Ins. Co. v. Home Ins. Indem. Co.*, 116 N.H. at 18, 351 A.2d at 895. Clearly, Home wrongfully refused coverage and is liable under RSA 491:22-b (Supp. 1975).

Liberty seeks to avoid having to pay court costs and attorneys' fees by contending that it has always admitted that it was liable under the financial responsibility statute, RSA ch. 268, and that, in view of our holding in *Liberty Mutual Insurance Co. v. Home Insurance Indemnity Co. supra,* it is therefore a prevailing party who cannot be said to have wrongfully refused coverage within the spirit of RSA 491:22-b (Supp. 1975). Contrary to its present assertion, however, Liberty has not always admitted liability. The facts are that, in its brief filed in the original litigation, Liberty explicitly refused to concede any liability under RSA ch. 268. Furthermore, Liberty took the position that, even if liability existed under the statute, it was limited to $7,500, not $15,000 as we ultimately concluded. To the extent that our holding rejected Liberty's attempts to deny and limit its liability, Liberty wrongfully refused insurance coverage within the spirit of RSA 491:22-b (Supp. 1975).

Because both companies wrongfully refused coverage, each must pay one-half of Richard Lavigne's court costs and reasonable attorneys' fees. Finally, Liberty cannot recover its costs and fees from Home because the statute specifically limits the right to reimbursement to insured persons, not insurers. *See generally* 8 J. Appleman, Insurance Law and Practice § 4900 (1962 and Cumm. Supp. 1973).

*So ordered.*

All concurred.