Rockingham
No. 79-174

THE STATE OF NEW HAMPSHIRE

v.

CEDRIC PRESTON, JR. *& a.*

December 12, 1979

*Thomas D. Rath*, attorney general (*Jeffrey R. Cohen*, attorney, orally), for the State.

*Stephen E. Borofsky*, of Manchester, by brief and orally, for the defendant.

PER CURIAM. The issue before the court is whether the enlargement of the period within which paternity actions may be begun under RSA ch. 168-A, from one year from the birth of the child to two years, applies retrospectively to cases where the one-year period had not expired on the effective date of the enlargement. We hold that it does.

These two actions were brought under RSA ch. 168-A to establish the paternity of, and enforce support for, two children born out of wedlock. RSA 168-A:12, entitled "Statute of Limitations," prior to September 3, 1977, provided that "[n]o proceeding under this chapter shall be maintained unless commenced within one year of the date of birth of the child in question." Effective September 3, 1977, the section was amended to read "two years" instead of one year. N.H. Laws 1977, 387:1 *amending* RSA 168-A:12 (Supp. 1977).

Both children were born less than a year before the effective date of the amendment, but actions were not begun until more than a year from the dates of birth. In each action, therefore, the one-year limitation had not run when the two-year limit became effective. Defendants both moved to dismiss the actions against them on the ground that the suits were barred by the one-year limitation. The motions were denied and defendants' exceptions were transferred by *Randall*, J.

The defendants contend that because the original one-year limitation on suits to establish paternity was included in the same chapter which created the cause of action, the period established thereby within which to bring suit is a condition of the right of recovery. They argue, therefore, that an amendment extending the period in which suit may be brought substantively affects the rights of the parties. Thus, application of the two-year period to existing claims at the effective date of the amendment is barred by the prohibition in N.H. Const. pt. I, art 23 against retrospective laws. *See, e.g., Costoras v. Noel*, 101 N.H. 71, 133 A.2d 495 (1957); *Kostoras v. Hines*, 80 N.H. 500, 119 A. 332 (1922); and *Poff v. Telephone Company*, 72 N.H. 164, 55 A. 891 (1903).

We do not agree, however, with defendants' interpretation of RSA 168-A:12 (Supp. 1977). Instead, we hold that section 12 is what its title suggests—a "Statute of Limitations." We cannot accept the defendants' contention that because the limitation appears in the same chapter it is a condition to recovery. Although the limitation is contained in the same chapter that creates the action to enforce paternity, it is not contained in the same section as was its statutory precursor RSA 168:1. In the present statute, the limitation provision is separated from the section creating the cause of action by nine other sections. What little legislative history there is indicates that in enlarging the period within which actions can be begun, the concern was with the time for filing actions and not with limitations on substantive rights. *See* 1977 House Journal 1129.

Moreover, the cases relied upon by the defendants are inapposite. Each deals with the question whether certain causes of action created by statute are to be governed by the limitation contained therein, or by some other statutory period governing actions generally. *Costoras v. Noel*, 101 N.H. 71, 133 A.2d 495 (1957) (action for wrongful death must be prosecuted within the period contained in that statute); *Kostoras v. Hines*, 80 N.H. 500, 119 A. 332 (1922) (period in which wrongful death action must be brought cannot be varied by resort to general statute of limitations); and *Poff v. Telephone Company*, 72 N.H. 164, 55 A. 891

(1903) (statutory provision that executor bring wrongful death action within two years is a condition to recovery). None of them addressed the particular issue before us, namely, whether a *change* in the statutory period applied to actions in existence at the effective date thereof.

The fact that the statute creates a right not known at common law or has the limitation in the same section that creates the right does not dictate that the limitation be construed as a condition of the substantive right. *See, e.g., Bourque v. Adams,* 93 N.H. 257, 40 A.2d 582 (1945) (limitation on tax liens applied to remedy only). *But see Poff v. Telephone Company,* 72 N.H. 164, 55 A. 891 (1903). In *Bourque* this court said that "it is ... well settled that statutes of limitation like that here involved, have to do only with the remedy for existing rights...." 93 N.H. at 259, 40 A.2d at 583. We hold that the limitation contained in RSA 168-A:12 (Supp. 1977) applies to the remedy only. *See Ward v. State,* 170 So. 2d 500 (Ala. App. 1964); *Patterson v. Sodders,* 167 So. 2d 789 (Fla. App. 1964) (time limitation on paternity actions applied to remedy only.)

Because the limitation applies to the remedy only, there is no constitutional bar to applying it retrospectively. *Riesenberg v. State,* 115 N.H. 12, 332 A.2d 393 (1975); *Bourque v. Adams,* 93 N.H. 257, 40 A.2d 582 (1945). This has been the settled law in this State from early times. *See, e.g., Gilman v. Cutts,* 23 N.H. 376 (1851); *Clark v. Clark,* 10 N.H. 380 (1839). In *Clark v. Clark supra,* it was said that:

[t]he statute of limitations may be changed by an extension of the time, or by an entire repeal, and affect existing causes of action, which by the existing law would soon be barred.

10 N.H. at 386. In *Riesenberg v. State supra,* we said that unlike statutes affecting substantive rights, *see, e.g., Geldhof v. Penwood Associates,* 119 N.H. 754, 407 A.2d 822 (1979), those affecting the remedy "are usually deemed to apply retroactively to those pending cases which on the effective date of the statute have not yet gone beyond the procedural stage to which the statute pertains." 115 N.H. at 14, 332 A.2d at 394.

We have said that in construing remedial statutes, the usual presumption that a statute applies only prospectively is reversed and the law may be applied to cases pending at the time of enactment. *Liberty Mut. Ins. Co. v. Home Ins. Indem. Co.,* 117 N.H. 269, 371 A.2d 1171 (1977). Given the purpose of the amendment, we are of the

opinion that the legislature intended that the two-year time limitation apply to cases pending upon the amendment's effective date. Accordingly, we hold that the two-year period applies to the cases now before us. The trial court therefore was correct in not dismissing the petitions.

*Exceptions overruled.*