Rockingham
No. 93-200

THE STATE OF NEW HAMPSHIRE

v.

ROBERT HAMEL

March 31, 1994

*Jeffrey R. Howard*, attorney general (*Mark D. Attorri*, assistant attorney general, on the brief and orally), for the State.

*Law Offices of Robert V. Johnson, II*, of Concord (*Howard A. Roever* on the brief and orally), for the defendant.

HORTON J.   The defendant, Robert Hamel, was convicted after a jury trial in Superior Court (*Lynn*, J.) on a charge of felonious sexual assault. On appeal, the defendant argues that the Superior Court (*Gray*, J.) erred in denying his motion to dismiss because the statute of limitations had run. We affirm.

On September 1, 1992, the defendant was indicted on three counts of felonious sexual assault under RSA 632-A:3, II (1986). The indictments alleged that on October 20, 1981, and between July 1 and September 1, 1982, the defendant engaged in sexual intercourse with a fifteen-year-old girl. The defendant moved to dismiss, contending that the applicable statute of limitations had expired. The trial court denied the motion concluding: "No statute of limitation[s] ran before enactment of a longer statute. No substantive rights of the defendant were affected but only the length of time in which the alleged acts could be reported." The defendant was convicted of one count of felonious sexual assault.

At the time of the offense, the applicable statute of limitations was six years. RSA 625:8 (1986); see also RSA 632-A:7 (1986). Subsequently, the statute of limitations for violations of RSA chapter 632-A was extended twice. The first extension, RSA 632-A:7, I (Supp. 1986) (the 1986 amendment), took effect on January 1, 1987, ten months prior to the October 20, 1987, expiration of the six-year limitations period in effect at the time the defendant committed the offense. The 1986 amendment did not address the six-year limitations period, but provided that in cases where the victim was under the age of eighteen at the time of the offense, the statute would not begin to run until the victim's eighteenth birthday. The limitations period under the 1986 amendment ran on the defendant's case on September 16, 1990. Prior to this expiration date, however, the legislature enacted a second extension, RSA 625:8, III(d) (Supp. 1993) (the 1990 amendment), which took effect on April 27, 1990. The 1990 amendment provides: "[P]rosecution may nevertheless be commenced: . . . For any offense under RSA 632-A, where the victim was under 18 years of age when the alleged offense occurred, within 22 years of the victim's eighteenth birthday." RSA 625:8, III(d).

The defendant argues that the 1986 amendment did not apply to crimes that were committed before its effective date because the amendment affected the substantive rights of a criminal defendant. Further, he contends that a comparison of the 1986 and 1990 amendments demonstrates that the legislature intended the 1986 amendment to apply prospectively only. We disagree.

■   As a preliminary matter, we must determine whether the legislature intended the 1986 amendment to extend the limitations pe-

riod until a victim's twenty-fourth birthday. "Our task is to construe the criminal code provisions according to the fair import of their terms and to promote justice." *State v. Harper*, 126 N.H. 815, 818, 498 A.2d 310, 313 (1985) (quotation omitted); *see also* RSA 625:3 (1986). The plain language and purpose of the statute lead us to the conclusion that the legislature intended to extend the limitations period. The 1986 amendment provides: "In cases where the victim was under the age of 18 when the alleged sexual assault offense occurred, the statute of limitations *shall not begin to run* until the victim reaches the age of 18." (Emphasis added.) The use of the language "shall not begin to run" indicates that the legislature intended to provide the victim with six years from the time he or she reaches majority to notify the authorities and have an indictment brought against the perpetrator. An examination of the legislative history of RSA 632-A:7, I, strengthens this conclusion. The legislature's objective in enacting the statute was to give "a young woman the opportunity to reach maturity before having to accuse her assailant." N.H.S. Jour. 404 (1986).

■■ We next turn to the question of whether the amendment applies to crimes committed before its effective date. When the legislature is silent as to whether a statute should apply prospectively or retrospectively, our interpretation turns on whether the statute affects the parties' substantive or procedural rights. *State v. Johnson*, 134 N.H. 570, 572–73, 595 A.2d 498, 500 (1991). The general rule is that "[w]here a law affects substantive rights and liabilities, it is presumed to apply only to future causes of action." *Norton v. Patten*, 125 N.H. 413, 417, 480 A.2d 190, 193 (1984). This presumption, however, reverses when the statute is determined to affect only the procedural or remedial rights of a party. *Johnson*, 134 N.H. at 572–73, 595 A.2d at 500. Unlike statutes affecting substantive rights, those affecting procedural or remedial rights "are usually deemed to apply retroactively to those pending cases which on the effective date of the statute have not yet gone beyond the procedural stage to which the statute pertains." *State v. Preston*, 119 N.H. 877, 880, 409 A.2d 792, 794 (1979) (quotation omitted).

It is well settled that a civil statute of limitations period applies to the remedy only and "there is no constitutional bar to applying it retrospectively." *Id.*; *see also Norton*, 125 N.H. at 416, 480 A.2d at 192. The defendant, nevertheless, contends that our civil holdings are not analogous to the present case because the extension of the time in which an individual may be prosecuted for sexual crimes committed against minors affects the substantive rights of a criminal

defendant. Specifically, he asserts that the 1986 amendment created: (1) a new class of sexual assault crimes; namely, cases involving adult complainants who now claim to have been sexually assaulted when they were children; (2) changed an element of the offense; (3) deprived a criminal defendant of due process protection against overly stale criminal charges; and (4) interfered with a defendant's ability to mount an adequate defense.

At the outset, we note that there is no such thing as a common law criminal statute of limitations. *See* C. TORCIA, WHARTON'S CRIMINAL LAW § 90, at 415 (1978). Subject to constitutional qualifications, "statutes of limitation[s] may be changed at the pleasure of the legislative power," *Willard v. Harvey*, 24 N.H. 344, 355 (1852), by "reduc[ing] or enlarg[ing] the time within which the action must be prosecuted." *Bourque v. Adams*, 93 N.H. 257, 259, 40 A.2d 582, 584 (1945) (quotation omitted). Essentially, "they are a surrendering by the sovereign of its right to prosecute." *State v. Hodgson*, 108 Wash. 2d 662, 667, 740 P.2d 848, 851 (1987), *cert. denied*, 485 U.S. 938 (1988). Thus, until a criminal statute of limitations has run, it is a mere regulation of the remedy and we will presume that an extension of the limitations period applies retrospectively. *See, e.g., People v. Sample*, 161 Cal. App. 3d 1053, 1057, 208 Cal. Rptr. 318, 320 (1984); *State v. O'Neill*, 118 Idaho 244, 246–47, 796 P.2d 121, 123–24 (1990); *People v. Isaacs*, 37 Ill. 2d 205, 226 N.E.2d 38 (1967); *Hodgson*, 108 Wash. 2d at 667, 740 P.2d at 851. *But cf. Stoner v. State*, 418 So. 2d 171, 178 (Ala. Crim. App. 1982), *cert. denied*, 459 U.S. 1128 (1983); *State v. Paradise*, 189 Conn. 346, 353, 456 A.2d 305, 308 (1983). After the limitations period has run, however, it is a vested defense of right that cannot be taken away by legislative enactment. *See Willard*, 24 N.H. at 354; *Falter v. United States*, 23 F.2d 420, 425–26 (2d Cir.), *cert. denied*, 277 U.S. 590 (1928).

In this case, the crucial determination is whether the 1986 amendment placed a greater burden on a criminal defendant than merely extending the prosecutorial window. The defendant distinguishes the 1986 amendment from a traditional statute of limitations by classifying it as legislation that "created a new class of sexual assault crimes." The 1986 amendment, however, did not change the ultimate facts needed to prove guilt, nor did it punish a previously innocent act. *See Petition of Hamel*, 137 N.H. 488, 494–95, 629 A.2d 802, 806 (1993). The punishable acts were identical under the statute of limitations applicable at the time of the offense and the 1986 amendment. Furthermore, the extension did not alter an element of

the crime. Until the statute runs, a defendant has no "defense under the statute of limitations," RSA 625:11, III(d) (1986), and, within constitutional limitations, the legislature can extend the limitations period without affecting a defendant's substantive rights. This analysis precludes any possibility that retrospective application of the law violates the *ex post facto* prohibitions of the State or Federal Constitutions. *See* N.H. CONST. pt. I, art. 23; U.S. CONST. art. I, § 10, cl. 1; *United States v. Madia*, 955 F.2d 538, 540 (8th Cir. 1992).

■ We are likewise unpersuaded by the defendant's argument that the 1986 amendment subjects him to stale charges or deprives him of an adequate defense. If a defendant is actually prejudiced by a delay in prosecution, such a claim would be adequately addressed by way of a motion to dismiss for prejudicial pre-accusation delay. *See State v. Ramos*, 131 N.H. 276, 282, 553 A.2d 275, 279 (1988); *State v. Collins*, 115 N.H. 499, 502, 345 A.2d 162, 165 (1975). Hence, we agree with the superior court's conclusion that "[n]o substantive rights of the defendant were affected but only the length of time in which the alleged acts could be reported," and we presume that the 1986 amendment applied retrospectively.

■ The defendant argues that even if the 1986 amendment is remedial, a comparison of the 1986 and 1990 amendments rebuts the presumption that the 1986 amendment applies retrospectively. The crux of the defendant's argument is that because the 1986 amendment is silent and the 1990 amendment contains a clear statement of retrospective intent, the legislature intended the 1986 amendment to apply prospectively. Because we presume that remedial statutes apply retrospectively, a statement of retrospective intent in such a statute serves solely as a point of clarification; its absence would not lead us to the conclusion that the legislature intended such a statute to apply prospectively only. The legislature can expressly provide for purely prospective application of a remedial statute. The 1986 amendment, however, contained no such language.

■ Finally, the defendant argues that because the 1990 amendment "repealed" the 1986 amendment, at the time of his prosecution the 1986 amendment was no longer an "active" statute that could be applied retrospectively. We find no merit in this argument. In effect, the 1990 amendment extended the limitations period set forth in the 1986 amendment.

*Affirmed.*

All concurred.