Rockingham
No. 96-366

WORKPLACE SYSTEMS, INC.

v.

CIGNA PROPERTY & CASUALTY INSURANCE COMPANY *& a.*

February 8, 1999

*Foley, Hoag & Eliot LLP*, of Boston, Massachusetts (*John M. Stevens & a.* on the brief, and *Mr. Stevens* orally), for the plaintiff.

*Peabody & Brown*, of Manchester (*Kevin M. Fitzgerald & a.* on the brief, and *Marcus E. Cohn* orally), for defendant Hartford Accident and Indemnity Company.

*Burns, Bryant, Hinchey, Cox & Rockefeller, P.A.*, of Dover, for defendant Lumbermen's Mutual Casualty Company, joins in the brief of defendant Hartford Accident and Indemnity Company.

*Hall, Morse, Anderson, Miller & Spinella, P.C.*, of Concord, for defendant Merchants Mutual Insurance Company, joins in the brief of defendant Hartford Accident and Indemnity Company.

*Boutin & Associates, PLLC*, of Londonderry, for defendant CIGNA Property & Casualty Insurance Company, joins in the brief of defendant Hartford Accident and Indemnity Company.

*Stebbins, Bradley, Wood & Harvey*, of Hanover, for defendant United States Fire Insurance Company, filed no brief.

JOHNSON, J. The plaintiff, Workplace Systems, Inc., appeals the decision of the Superior Court (*Gray*, J.) dismissing its petition for declaratory judgment for lack of subject matter jurisdiction. *See*

RSA 491:22 (1983) (amended 1992, 1994, 1996). We reverse and remand.

A review of the plaintiff's pleadings reveals the following pertinent facts. *See Putnam v. University of New Hampshire*, 138 N.H. 238, 239, 637 A.2d 156, 156 (1994) (when considering a motion to dismiss, the court assumes plaintiff's pleadings to be true). The plaintiff filed a petition for declaratory judgment in 1989, *see* RSA 491:22, seeking a determination of coverage under a number of general liability insurance and umbrella policies issued by the five defendant insurance companies between 1971 and 1988. The plaintiff filed the petition after the United States Environmental Protection Agency (EPA) informed it in October 1988 that it may be liable for costs associated with the cleanup of hazardous materials at a landfill in Londonderry, *see generally* 42 U.S.C.A. §§ 9601 *et seq.* (1995 & Supp. 1998); 42 U.S.C.A. § 6973 (1995), and the plaintiff had incurred significant costs in that effort. In September 1992, both the EPA and the State of New Hampshire filed actions in federal district court against the plaintiff seeking compensation for the cost of cleaning up the Londonderry site. The complaints alleged, *inter alia*, that the plaintiff was liable for cleanup costs because it had arranged for the disposal or treatment of hazardous materials at the Londonderry site.

In January 1994, defendant Hartford Accident and Indemnity Company filed a motion to dismiss and motion for summary judgment in the declaratory judgment action alleging that the superior court lacked subject matter jurisdiction over the plaintiff's petition because under the declaratory judgment statute in effect at that time, *see* RSA 491:22 (1983), that action could only be utilized to determine coverage for cases filed in a New Hampshire state court. *See Scully's Auto-Marine Upholstery v. Peerless Ins. Co.*, 136 N.H. 65, 67, 611 A.2d 635, 636 (1992). The superior court agreed, and the plaintiff appealed. After that appeal was filed, RSA 491:22 was amended to allow the superior court to entertain a declaratory judgment action to determine coverage under an insurance policy where the underlying writ giving rise to liability was filed in federal court. *See* Laws 1994, ch. 37. Consequently, we remanded the case to the superior court for reconsideration of its ruling in light of the amendment to RSA 491:22. On remand, the superior court ruled that the amended version of RSA 491:22 should not be applied retrospectively and dismissed the plaintiff's action. This appeal followed.

On appeal, the plaintiff contends that the amended version of RSA 491:22 applies because the amendment was remedial and did not affect the substantive rights of the parties. We agree.

■ "When the legislature is silent as to whether a statute should apply prospectively or retrospectively, our interpretation turns on whether the statute affects the parties' substantive or procedural rights." *State v. Hamel*, 138 N.H. 392, 394, 643 A.2d 953, 955 (1994). We presume that where a statute affects substantive rights, it was intended to apply prospectively only. *See State v. Johnson*, 134 N.H. 570, 572, 595 A.2d 498, 500 (1991). Where the statute is remedial or procedural in nature, however, the presumption is reversed, and the statute is "usually deemed to apply retroactively to those pending cases which on the effective date of the statute have not yet gone beyond the procedural stage to which the statute pertains." *Hamel*, 138 N.H. at 394, 643 A.2d at 955 (quotation omitted).

The legislature was silent as to whether the amended version of RSA 491:22 applies prospectively or retrospectively. *See* Laws 1994, ch. 37. We therefore must decide whether allowing a party whose underlying writ was filed in federal court to pursue a declaratory judgment action affects the substantive rights of the parties or is merely a remedial or procedural change. The superior court ruled that because we previously held that a related statute, RSA 491:22-a (1997), is substantive because it shifts the burden of proving insurance coverage from the insured to the insurer, *see Merchants Mut. Ins. Co. v. Transformer Serv. Inc.*, 112 N.H. 360, 365, 298 A.2d 112, 116 (1972), "an amendment allowing broader access to that burden-shifting provision also becomes substantive, rather than procedural, in nature." The plaintiff contends that the trial court erred because the amendment to RSA 491:22 merely expanded access to the courts, and did not enlarge or diminish the parties' rights and obligations under the insurance policies issued by the defendants. The plaintiff asserts that, at most, the amendment establishes a new procedure for determining the insurers' duties at an earlier date than would be possible otherwise. We agree.

"Petitions for declaratory judgments are *means* created by the legislature for determining rights of parties at an earlier date than would be possible otherwise." *Merchants Mutual*, 112 N.H. at 364, 298 A.2d at 115 (emphasis added). By expanding the subject matter jurisdiction of the superior court to entertain a declaratory judgment action, the legislature merely gave the insured another avenue through which to determine its existing rights. *See Property Owners Ass'n v. Sholley*, 111 N.H. 363, 365, 284 A.2d 915, 916 (1971) (statute expanding *in personam* jurisdiction of court did not change substantive rights but merely provided another means by which to adjudicate those rights). Indeed, the "burden-shifting" provision of RSA 491:22-a was already in effect when the underlying policies

were issued by the defendants. *See* Laws 1969, ch. 255:1. Thus, the parties were subject to the burden-shifting provisions of RSA 491:22-a at the time of contract formation. Therefore, the increased reach of the declaratory judgment statute merely allows the parties' respective rights to be adjudicated in an additional forum, *see Sholley*, 111 N.H. at 365, 284 A.2d at 916; *cf. Eldridge v. Eldridge*, 136 N.H. 611, 615, 620 A.2d 1031, 1033 (1993) (statute establishing new procedure applied retrospectively because "it neither creates any new obligations nor establishes any new duties"), and at an earlier date, *see Merchants Mut. Ins. Co.*, 112 N.H. at 364, 298 A.2d at 115.

■ Further, adopting the superior court's position that because RSA 491:22-a affects substantive rights, any change in the court's jurisdiction to hear declaratory judgment actions is also substantive, would mean that any statute which enlarges or reduces the court's jurisdiction to entertain an action could not be applied retrospectively. This is against the great weight of our authority. In many instances we have found proper the retroactive application of procedural or remedial statutes that may have altered the outcome of the controversy or subjected parties to criminal or civil actions which otherwise would have been barred. *See, e.g., Hamel*, 138 N.H. at 394-96, 643 A.2d at 955-56 (extension of criminal statute of limitations not substantive); *Eldridge*, 136 N.H. at 614-15, 620 A.2d at 1033 (amendment to child support modification statute not substantive because opens up new channel of inquiry into propriety of modification); *Norton v. Patten*, 125 N.H. 413, 416, 480 A.2d 190, 192 (1984) (statute lowering the age of majority and thereby reducing period in which to bring a claim was remedial); *In re Snow Estate*, 120 N.H. 590, 592, 419 A.2d 1095, 1096-97 (1980) (statute reforming guardianship laws was remedial); *State v. Preston*, 119 N.H. 877, 880-81, 409 A.2d 792, 793-94 (1979) (enlargement of statute of limitations in paternity suit is remedial and not substantive); *Sholley*, 111 N.H. at 365, 284 A.2d at 916 (statute expanding *in personam* jurisdiction was not substantive). The fact that implementation of the amended version of RSA 491:22 may alter the parties' relative positions by allowing the plaintiff to file a declaratory judgment action does not in itself make the amendment substantive. Accordingly, we find that the superior court erred in granting the defendants' motion to dismiss.

It is true that we found the burden-shifting provision of RSA 491:22-a to be substantive because "[i]t fundamentally change[d] the relationship between the parties and [did] so in a fashion that

significantly bears on the ultimate determination of their rights." *Liberty Mut. Ins. Co. v. Home Ins. Indem. Co.*, 117 N.H. 269, 271, 371 A.2d 1171, 1173 (1977); *see Merchants Mutual*, 112 N.H. at 364-65, 298 A.2d at 115-16. We have also recognized, however, that a procedural or remedial change in a statute creating a substantive right does not automatically render that change substantive as well. *See Preston*, 119 N.H. at 880, 409 A.2d at 793-94 (change in statute of limitations is remedial); *Norton*, 125 N.H. at 416, 480 A.2d at 192 (same). "The fact that the statute creates a right not known at common law or has the limitation in the same section that creates the right does not dictate that the limitation be construed as a condition of the substantive right." *Preston*, 119 N.H. at 880, 409 A.2d 793; *cf. Eldridge*, 136 N.H. at 615, 620 A.2d at 1033 (remedial change affecting forum); *In re Fay G.*, 120 N.H. 153, 155, 156, 412 A.2d 1012, 1014, 1015 (1980) (procedural change that allowed probate court to order psychiatric evaluations in termination of parental rights cases properly applied retrospectively even though the court recognized that State's burden affected).

Furthermore, our holding today does not, in any way, affect the validity of our holding in *Merchants Mutual*. By enacting RSA 491:22-a, the legislature substantively changed the legal relationship of the parties "in such proceedings," *Merchants Mutual*, 112 N.H. at 365, 298 A.2d at 116, and thus that statute could not be applied retrospectively. In contrast, the narrow amendment to RSA 491:22 in this case merely grants insureds expanded access to a process existing at the time of contract.

Accordingly, we reverse the ruling of the superior court and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

All concurred.