TOWN OF HENNIKER

v.

LAWRENCE R. HOMO, SR. & a.

August 14, 1992

*Nixon, Hall & Hess P.A.*, of Manchester (*David W. Hess*, on the brief and orally), for the plaintiff.

*Lawrence R. Homo, Sr.*, by brief and orally, *pro se*.

JOHNSON J. The defendants, Lawrence R. Homo, Sr. and his wife, Katherine I. Homo, were fined $6060 by the Superior Court (*Flynn*, J.) for maintaining a junk yard on their property without a license in violation of RSA 236:114 and the Henniker Zoning Ordinance. The amount of the fine was based on an assessment of ten dollars for each of the 606 days the violation continued, pursuant to Article XI of the former Henniker Zoning Ordinance (applicable before June 9, 1987) and Article XVIII of the amended Henniker Zoning Ordinance (effective June 9, 1987). The defendants appeal, arguing that they were unfairly deprived of their right to a jury trial because the amount of the fine exceeded $500. We affirm.

The defendants own property in Henniker located within a rural residential zone, in which a junk yard is not a permitted use. On April 7, 1986, and again on July 24, 1986, the Henniker Police Department filed a complaint in the Henniker District Court citing the defendant, Lawrence Homo, for a violation of RSA 236:114, which prohibits the maintenance and operation of a junk yard without a

license or certificate of approval. The Henniker District Court found that Mr. Homo was maintaining an unlicensed junk yard, issued an injunction, and imposed a fine of ten dollars per day effective June 21, 1986.

By letter dated February 14, 1987, the defendants acknowledged that they did not have a license to operate a junk yard or to deal in junk. The defendants asked to be exempted from the license requirements for religious reasons that remain unspecified.

On June 5, 1987, the plaintiff, Town of Henniker, filed a petition for an injunction and the imposition of civil fines against the defendants. The superior court found that from March 11, 1986, to November 17, 1987, the defendants maintained an unlicensed junk yard on their property in violation of the Henniker Zoning Ordinance and RSA 236:114. The court permanently enjoined the defendants from maintaining a junk yard on their premises, and fined them ten dollars for each day the charged violation continued, for a total fine of $6060.

The overwhelming weight of the evidence supports the trial court's finding that the defendants maintained a junk yard on their property during the time in question. Although the defendants raise several objections to the superior court's order, only one point merits discussion. The defendants cite *State v. Morrill*, 123 N.H. 707, 465 A.2d 882 (1983), in support of the argument that they had the right to a jury trial because they were fined more than $500.

In *Morrill*, we held that "a fine exceeding [$500] can [not] be levied against individuals charged with offenses under our penal code, without granting them a jury trial on appeal." *Id.* at 713, 465 A.2d at 886. We hold that the same principle applies to violations of local ordinances. At the time we decided *Morrill*, an amount in controversy exceeding $500 constitutionally entitled civil litigants to a jury trial under part I, article 20 of the New Hampshire Constitution. That amount has since been amended to $1500. N.H. CONST. pt. I, art. 20.

In the present case, the court imposed fines which totalled in excess of the amount that constitutionally entitles civil litigants to a jury trial. For the purposes of this appeal, we will assume that the defendants would have been entitled to a jury trial had the civil fines arisen from the *same* violation. However, we conclude that the defendants committed 606 *separate* violations; namely, operating a junk yard for a single day on 606 separate days. RSA 236:128 (Supp. 1991) provides in part: "In addition to the penalty in RSA 236:127, the local governing body [the selectmen of the town] may obtain a

90 mandatory injunction to end the violation." We read this provision to imply that the town selectmen may bring a civil action to enforce RSA 236:114 and to impose fines consistent with RSA 236:127, which provides that "[a]ny person who is in violation of any provisions of this subdivision shall be guilty of a violation and *each day or fraction thereof shall constitute a separate offense.*" (Emphasis added.) Therefore, pursuant to RSA 236:127, the defendants were guilty of 606 separate violations, one for each of the days that they unlawfully maintained a junk yard.

█ The maximum fine that may be imposed for each of the defendants' violations is controlled by the local law of Henniker. *See* RSA 236:124 (local ordinances control when in conflict with statute). Both Article XI of the former Henniker Zoning Ordinance and Article XVIII of the amended zoning ordinance provide that every person violating any of the provisions of the ordinance may be fined not more than $100 *for each day* the violations continue. Therefore, $100 was the maximum amount the court could have fined the defendants for any one of their violations.

█ We hold that the defendants did not have a right to a jury trial on any of their violations, since the maximum fine of $100 *per violation* does not exceed the $500 limit above which civil litigants, at the time the defendants were tried, were entitled to a jury trial.

*Affirmed.*

BATCHELDER, J., with whom HORTON, J., joined, dissented; the others concurred.

BATCHELDER, J., dissenting: I find the aggregation of 606 violations resulting in the assessment of $6,060 of civil fines, so-called, offensive to notions of fairness and constitutionally guaranteed entitlement to a jury as factfinder. Therefore, I respectfully dissent.

HORTON, J., joins in the dissent.