Milford District Court
No. 2006-694

TOWN OF AMHERST

v.

ROSEMARY A. GILROY

Submitted: April 30, 2008
Opinion Issued: May 20, 2008

*Bradley, Burnett, Kinyon, Fernald & Green, P.A.*, of Keene (*Beth R. Fernald* on the brief), for the plaintiff.

Rosemary A. Gilroy, by brief, *pro se.*

*Paul G. Sanderson,* of Concord, by brief, for The Local Government Center, as *amicus curiae.*

DUGGAN, J. The defendant, Rosemary A. Gilroy, appeals the order of the Milford District Court (*Moore,* J.) that extended the deadline by which she had to either remove a non-conforming shed from her property or bring it into compliance before being fined $42,350 pursuant to RSA 676:17, I (Supp. 2007). We affirm in part, vacate in part and remand.

The record supports the following facts. The defendant owns property in Amherst. In February 2006, the plaintiff, Town of Amherst (Town), filed a writ against her alleging that she had maintained a non-conforming shed on her property in violation of certain regulations and ordinances. A hearing was scheduled for July 10, 2006, at which the defendant failed to appear. Based upon the evidence presented at the hearing, the court found that, on February 6, 2006, the defendant had received notification that she had violated the Town's zoning and building ordinances by constructing a shed on her property without the proper site plan review and surveyor certificate. As of the hearing date, the defendant had not removed the shed. Accordingly, the trial court entered a conditional default judgment against her, imposing a civil penalty of $275 per day for each day of violation from February 6, 2006, to July 10, 2006, and awarding attorney's fees and costs to the Town. *See* RSA 676:17, I. The total civil penalty imposed was $42,350 ($275 X 154 days). The court ruled, however, that if the defendant either removed the shed or brought it into compliance with the applicable regulations and ordinances by August 15, 2006, the penalty would be stricken.

On July 12, 2006, the defendant filed a motion to vacate the default, alleging that she "had been busy and had neglected to change the June, 2006 page of [her] calendar to July, 2006" and, therefore, "did not see the [h]earing date on [her] calendar." The trial court granted the motion with the condition that the defendant pay the Town's attorney's fees and costs before the next hearing. The court stated that it would schedule a hearing once it received the funds and, if the defendant failed to tender payment by August 1, 2006, the court's July 10, 2006 order would stand.

On July 21, 2006, the defendant moved for reconsideration of the July 12, 2006 order. On August 16, 2006, the trial court denied the motion, but extended the deadline for payment of attorney's fees and costs to August 21, 2006. The court also extended the deadline by which the defendant had either to remove her shed or bring it into compliance to August 28, 2006. Rather than comply with the trial court's latest order, the defendant appealed it.

■ The defendant first argues that the trial court erred by provisionally granting her motion to vacate the conditional default judgment entered against her. "The trial court's decision whether to strike an entry of default is within its discretion; we will not disturb such a ruling unless the court unsustainably exercised its discretion or erred as a matter of law." *In the Matter of Maynard & Maynard*, 155 N.H. 630, 633 (2007) (quotation and brackets omitted). Under the circumstances of this case, where the defendant indisputably received notice of the July 10, 2006 hearing, we conclude that the trial court sustainably exercised its discretion by imposing the condition that she first pay the plaintiff's attorney's fees and costs before the court would strike the conditional default judgment entered against her. *See Indian Head Millwork Co. v. Glendale Homes*, 104 N.H. 312, 313-14 (1962); *cf.* DIST. CT. R. 1.2 (upon violation of any rule, court may take such action as justice may require, including imposing monetary sanctions against either counsel or a party, which may include reasonable attorney's fees and costs to be paid to opposing party).

The defendant next asserts that, assuming that the default is not vacated, the $42,350 civil penalty is unlawful. We agree.

Under RSA 502-A:11-a, I (1997), the district court has concurrent jurisdiction with the superior court to prosecute any violation of a local ordinance, code or regulation to the extent that the violation is, *inter alia*, punishable by a civil penalty, in which case the penalty imposed shall not exceed the limits of the district court's civil damages concurrent jurisdiction as set forth in RSA 502-A:14, II (1997). RSA 502-A:14, II provides, in pertinent part, that the district court has concurrent jurisdiction with the superior court "of civil actions for damages in which the damages claimed do not exceed $25,000." The defendant contends that pursuant to these statutes, the district court lacked jurisdiction to impose a civil penalty in excess of $25,000. While the plaintiff concedes that the penalty exceeded the jurisdictional limit set forth in RSA 502-A:14, II, it counters that because RSA 676:17, I, subjects a person who violates a zoning ordinance to a civil penalty of $275 for the first offense "for each day that such violation is found to continue," the court must view the penalty awarded as 154 separate awards in the amount of $275 each. *See Simpson v. Young*, 153 N.H. 471, 477 (2006).

Resolving this issue requires that we engage in statutory interpretation. In matters of statutory interpretation, we are the final arbiters of the legislature's intent as expressed in the words of the statute considered as a whole. *ElderTrust of Fla. v. Town of Epsom*, 154 N.H. 693, 697 (2007). When examining the language of the statute, we ascribe the plain and ordinary meaning to the words used. *Id.* We interpret legislative intent

from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. *Id.*

We have previously recognized that the district court may, under certain circumstances, retain jurisdiction even though the aggregate amount of damages awarded for individual violations exceeds the jurisdictional limit in RSA 502-A:14, II. *Simpson,* 153 N.H. at 477; *cf. Town of Henniker v. Homo,* 136 N.H. 88, 90 (1992).

In *Simpson,* we were concerned with damages awarded under RSA 540-A:4 (2007), which governs damages in certain landlord/tenant actions. *Simpson,* 153 N.H. at 477-78. Pursuant to RSA 540-A:4, IX: "Any landlord or tenant who violates RSA 540-A:2 or any provision of RSA 540-A:3 shall be subject to the civil remedies set forth in RSA 358-A:10, including costs and reasonable attorney's fees incurred in the proceedings. Each day that a violation continues shall constitute a separate violation." We held that the district court erred when it failed to award the tenant $1,000 in damages for each day that the landlord continually violated RSA 540-A:3, I-III (2007). *Id.* at 474-75. We further held that because the landlord had interfered with the tenant's access to the premises for thirty-four days, on remand, the tenant could be entitled to $34,000. *Id.* at 475. Although the landlord argued that the district court lacked jurisdiction to award this amount, we disagreed, holding that because RSA 540-A:4, IX(a) provided that "[e]ach day that a violation continues shall constitute a separate violation," a $34,000 damage award would consist of thirty-four separate awards of $1,000 each. *Id.* at 478. Such a damage award, we held, would be consistent with the limits set forth in RSA 502-A:14, II. *Id.*

We relied upon similar statutory language in *Town of Henniker.* The defendants in that case maintained an unlicensed junk yard, in violation of RSA 236:114 (1993), for which the trial court had fined them $10 per day for 606 days of violation, or $6,060. *Town of Henniker,* 136 N.H. at 88-89. The defendants argued that because the fine imposed exceeded $500, the amount that entitled civil litigants to a jury trial at the time, the trial court erred by depriving them of a jury trial. *Id.* at 89. We concluded that the fine imposed was actually $10 for each of 606 separate violations, relying upon RSA 236:127 (1993), which provides: "Any person who is in violation of any provisions of this subdivision shall be guilty of a violation and each day or fraction thereof shall constitute a separate offense." *Id.* at 90. Therefore, we concluded, the defendants did not have a right to a jury trial on any of their violations because the fine imposed for each day of violation was less than $500. *See id.*

In this case, the statute under which the defendant was penalized, RSA 676:17, I, unlike the statutes at issue in *Simpson* and *Town of Henniker,* does not provide that each day of violation constitutes a separate offense.

Rather RSA 676:17, I, subjects a person to a "civil penalty of $275 for the first offense and $550 for subsequent offenses for each day that such violation is found to continue." The Town acknowledges that RSA 676:17, I, differs in this way from the statutes at issue in *Simpson* and *Town of Henniker*, but argues that it is "clear that [RSA 676:17, I] authorizes a separate, individual penalty for each day an individual violates a zoning ordinance."

The Town's insistence that we interpret RSA 676:17, I, to have the same meaning as the statutes at issue in *Simpson* and *Town of Henniker* conflicts with our principles of statutory construction. The legislature is not presumed to waste words or enact redundant provisions and whenever possible, every word of a statute should be given effect. *Marcotte v. Timberlane/Hampstead School Dist.*, 143 N.H. 331, 339 (1999). Therefore, we assume that the words "[e]ach day that a violation continues shall constitute a separate violation" in RSA 540-A:4, IX and "each day or fraction thereof shall constitute a separate offense" in RSA 236:127 have meaning. We also assume that a statute that lacks a similarly worded phrase has a different meaning than a statute that contains one. Had the legislature intended RSA 676:17, I, to have the same meaning as the statutes at issue in *Simpson* and *Town of Henniker*, it could have drafted RSA 676:17, I, so that it too indicated that each day of violation constituted a separate offense. Absent language to the contrary, a continuing violation under RSA 676:17, I, therefore, constitutes a single offense. The legislature is free to clarify RSA 676:17, I, if our interpretation is inconsistent with its intent. *See Simpson*, 153 N.H. at 479.

Accordingly, because RSA 676:17, I, does not indicate that each day of violation constitutes a separate offense, and, in fact, indicates that a continuing violation is a single offense, we conclude that the district court lacked authority to impose a civil penalty in excess of $25,000. We therefore vacate the civil penalty and remand for further proceedings consistent with this opinion.

*Affirmed in part; vacated in part; and remanded.*

BRODERICK, C.J., and DALIANIS, GALWAY, and HICKS, JJ., concurred.