NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

3d Circuit Court-Conway District Division
No. 2014-0063


TOWN OF BARTLETT

v.

EDWARD C. FURLONG, III D/B/A LIL' MAN SNOWMOBILE RENTALS

Submitted: April 9, 2015
Opinion Issued: September 22, 2015


Donahue, Tucker & Ciandella, PLLC, of Exeter (Christopher T. Hilson on the brief), for the plaintiff.


Edward C. Furlong, III, self-represented party, by brief.


LYNN, J. The defendant, Edward C. Furlong, III, appeals an order of the Circuit Court (Albee, J.) awarding judgment in favor of the plaintiff, the Town of Bartlett (Town), in a zoning enforcement action. See RSA 676:17 (Supp. 2014). The defendant's primary argument on appeal is that the trial court exceeded its jurisdiction by imposing a fine in excess of $25,000, but he also raises various collateral claims of error. Finding his arguments lacking in merit, we affirm the judgment of the trial court.

The pertinent facts are as follows. The defendant owns property in Bartlett, on which he began renovation work in the fall of 2008. The Bartlett Board of Selectmen notified him - by letter dated October 17, 2008, by cease and desist notice dated November 7, 2008, and in person at a board of selectmen meeting on November 7, 2008 - that he needed a building permit for the renovations. The cease and desist notice informed the defendant that he had violated Bartlett's zoning ordinance, that he must cease all construction, and that he had the right to appeal to the Bartlett Zoning Board of Adjustment. Thereafter, the defendant submitted two incomplete applications for a building permit. Each time, the Town notified him in writing that the applications were insufficient and explained what additional information was needed; however, the defendant did not submit further information and completed the renovation work without a permit. On December 12, 2008, the Board of Selectmen filed a land use citation complaint in the district court, which advised the defendant that he could be fined $275 for the first day and $550 for every day thereafter that the violation continued.

The defendant then filed a motion to dismiss. After a hearing, the trial court dismissed the land use citation on August 17, 2009, ruling that the zoning ordinance was unconstitutional. The Town appealed to this court, and by order of January 5, 2011, we reversed the trial court's decision in part, vacated it in part, and remanded the case to the trial court. See Town of Bartlett v. Edward Furlong d/b/a Lil' Man Snowmobile Rentals, No. 2009-0712 (N.H. Jan. 5, 2011).

Before our order was issued, the defendant's counsel, Randall Cooper, Esquire, filed a motion to withdraw in this court. We granted the motion in January 2010. At about the same time, Cooper filed a motion to withdraw in another matter between the defendant and the Town that was pending in the Carroll County Superior Court. On July 29, 2011, Cooper filed a motion to withdraw in the underlying circuit court action. The defendant was copied on our order and on two of Cooper's motions to withdraw.[1]

After our remand, a hearing was scheduled in the trial court for January 18, 2012, for which notice was sent on July 28, 2011. Cooper was copied on the notice and contends that he forwarded a copy of the notice to the defendant along with a copy of the withdrawal he filed on July 29. The defendant did not

---

[1] The record shows that "Edward C. Furlong, III" was copied on Cooper's motion to withdraw before this court and on his notice of withdrawal before the Carroll County Superior Court, as well as on the corresponding cover letters. The defendant was not copied by name on the withdrawal form for the 3d Circuit Court; however, the cover letter did contain the notation that a copy had been sent to "client."

appear at the hearing, during which the Town presented the "Town of Bartlett's Requests for Findings of Fact and Rulings of Law."

After missing the hearing, the defendant filed three pleadings: (1) "Defendant's Motion to Accept Late Filing of Request for a New Hearing" dated January 19, 2012; (2) "Response to Plaintiff's Objection to Defendant's Motion for New Hearing" dated January 30, 2012; and (3) "Motion to Dismiss" dated January 30, 2012. On December 19, 2012, the trial court ruled on all outstanding issues, denying the defendant's motions and granting the Town's request for findings of fact and rulings of law. As part of its ruling, the trial court found: "The Defendant's violation of the zoning ordinance has gone on for a total of 1,132 days, calculated from the date of the land use citation to the date of the final hearing on January 18, 2012." The court gave the defendant a credit of 506 days for the period while the appeal was pending, which left 626 days during which he was in violation. Pursuant to RSA 676:17, I, the court imposed a fine of $275 for the first day of violation and 625 fines of $550 for each subsequent day, for a total fine of $344,025. The court ordered the Town to provide an affidavit of fees within ten days of the decision. The Town submitted an affidavit of fees and costs on December 27, 2012.

On January 4, 2013, the defendant filed "Defendant's Emergency Motion to Request a Hearing," which the court granted, and a hearing was scheduled for March 27, 2013. By order of April 18, 2013, the hearing was continued to July 10, 2013. The defendant failed to appear at this hearing or to notify the court that he would not attend. A day or two later, the defendant left a voicemail message for the Town's counsel indicating "a desire to discuss the matter prior to 'our hearing in court on Monday,'" although the defendant contends that this message pertained to another case between the parties and not the hearing that he missed on July 10.

On July 22, 2013, the defendant filed a "Motion for Excusal." In the motion, he stated that he was unable to attend the hearing on July 10 due to an unscheduled heart operation in June, and he submitted medical records to support his assertion. On August 14, 2013, the trial court denied the "Motion for Excusal." The court noted in its denial of the defendant's motion for reconsideration that the records submitted by the defendant indicated that the operation was scheduled as part of a course of treatment. In addition to a motion for reconsideration, the defendant also filed: a "Motion to Reopen Case to Correct Judicial Error," on August 26, 2013; and a motion "To Attach Pertinant [sic] Document/Letter to Motion to Correct Judicial Error," on September 10. The trial court denied all three motions on January 6, 2014. The defendant filed this appeal on January 27, 2014. During the briefing of this appeal, we granted motions by the Town to strike portions of the defendant's brief, reply brief, and appendices.

II

On appeal, the defendant argues that the fine should be reversed because the trial court did not have jurisdiction to impose a penalty greater than $25,000. He also argues that the court denied him due process of law by not granting a new hearing in light of the withdrawal of his attorney. He further asserts that, by not granting him a new hearing, the trial court denied him the opportunity to argue the issue of a selectman's alleged conflict of interest. The defendant additionally contends that the fine ordered by the trial court was disproportionate so as to constitute "gross and unusual punishment." Finally, he argues that the trial court erred because it ruled on all his motions at once and did so in an untimely manner.

The Town argues that the defendant's entire appeal is untimely and, therefore, should be dismissed. In response to the defendant's other arguments, the Town contends that: (1) the trial court properly exercised its discretion in not granting a further hearing because two hearings were scheduled and the defendant failed to appear at both of them; and (2) the defendant's jurisdictional argument fails because RSA 676:17, I, was amended while this case was pending.

After the case was submitted, the defendant filed a "Motion for Rule 16-A 'Plain Error,' Constitutional Questions" on June 23, 2015. In the motion, the defendant raised several issues not properly in the record, or that we had already stricken from the record. The defendant asked that we: (1) contact the Carroll County Superior Court to confirm facts the defendant alleges; (2) review all the material submitted in his original Rule 7 Petition; (3) dismiss the land use action; (4) remand the case to the trial court to allow him to litigate additional issues involving members of the Bartlett Board of Selectmen; (5) stay our decision until the Superior Court hears cases involving certain members of the Board of Selectmen; and (6) award money damages to the defendant.

The Town objected to the motion, requesting that we deny the relief sought in the motion and that we require the signature of a licensed attorney on any further pleading or brief submitted by the defendant to this court in connection with this matter.

III

At the outset, we dispose of certain issues in summary fashion. First, although the Town makes an arguable point that the defendant's appeal is time-barred, we assume without deciding that the appeal is timely. Second, with respect to the defendant's arguments, we address only those arguments that are preserved, meaning they were raised in the trial court, see State v. Blackmer, 149 N.H. 47, 48 (2003), and sufficiently developed for our review, see id. at 49. Because they fail to satisfy one or both of these criteria, we will

not address the defendant's arguments that: (1) the fine constituted "gross and unusual punishment"; (2) he was denied the right to challenge the alleged conflict of interest of the selectmen; and (3) the trial court erred by denying all of his motions at one time.

IV

The defendant argues that the trial court erred when it "failed to grant the Defendant a hearing or take action when the Defendant's attorney withdrew from the case, without complying with Court Rule 1.3 I(1),"[2] and that this denied him due process. The Town responds that the trial court did grant the defendant another hearing after his attorney withdrew, which the defendant did not attend, and that it was within the court's discretion not to grant a third hearing. The Town argues that the defendant had notice of his attorney's withdrawal and time to prepare for the first hearing in the absence of his attorney. The Town also contends that the record does not support the defendant's reasons for missing the second hearing, asserting that the defendant's medical records show that his surgery was scheduled in advance, and that his call to its counsel a day or two after the hearing demonstrated his capability of contacting the court prior to the hearing and suggests that he mistakenly calendared the hearing for the wrong date. The Town argues that the trial court made a factual ruling in favor of the Town regarding the circumstances of the defendant's absence, supported by an "objective basis sufficient to sustain the discretionary judgment made." State v. Lambert, 147 N.H. 295, 296 (2001).

The defendant's request that the trial court hold a new hearing was, in essence, a request for reconsideration of its earlier order. "We will uphold a trial court's decision on a motion for reconsideration absent an unsustainable exercise of discretion." Walker v. Walker, 158 N.H. 602, 607 (2009) (quotation omitted). "To show that the trial court's decision is not sustainable, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case." Id. (quotation omitted). "Our inquiry is whether the record establishes an objective basis sufficient to sustain the discretionary judgment made." Id. (quotation omitted).

Here, the trial court sustainably exercised its discretion. In this civil proceeding, the defendant had no constitutional right to counsel. Cf. State v. Cook, 125 N.H. 452, 458-59 (1984). Further, his attorney withdrew well before the hearing, and the trial court could sustainably have determined that the

---

[2] District Division Rule 1.3(I)(1) states: "[N]o attorney shall be permitted to withdraw that attorney's appearance in a case after the case has been scheduled for trial or hearing, except upon motion to permit such withdrawal granted by the Court . . . . Any motion to withdraw filed by counsel shall clearly set forth the reason therefor and contain a certification that copies have been sent to all other counsel or opposing parties, if appearing pro se, and to counsel's client . . . ." Dist. Div. R. 1.3(I)(1).

defendant was aware of the withdrawal and had ample time to secure other counsel if he desired to do so. Moreover, the defendant has not shown that his case was prejudiced in any way. Thus, the court's refusal to grant him an additional hearing affords us no basis for upsetting its judgment. To the extent the defendant argues that the trial court should have provided him with some other relief or taken other action after his attorney withdrew, this argument is not sufficiently developed for our review. See Blackmer, 149 N.H. at 49.

V

The defendant next argues that the trial court erred by imposing a $344,025 fine pursuant to RSA 676:17, I. This case was filed in December 2008, when, he argues, "the controlling law for the interpretation of RSA 676:17, I, was Town of Amherst v. Rosemary A. Gilroy." See Town of Amherst v. Gilroy, 157 N.H. 275 (2008), superseded by statute, Laws 2009, 173:1. The defendant contends that, when read together with RSA 502-A:14, II (2010), which limits the district court's jurisdiction to claims not exceeding $25,000,[3] Town of Amherst prohibits the district court from imposing a penalty greater than $25,000 pursuant to RSA 676:17, I. The Town responds by noting that RSA 676:17, I, was amended shortly after our ruling in Town of Amherst. See Laws 2009, 173:1. The Town contends that the amendment was not a substantive change in the law and therefore should be applied retrospectively to the instant case, which was filed before, but not decided until after, the effective date of the amendment.

In Town of Amherst, the defendant appealed a district court order that imposed a civil penalty of $42,350 pursuant to RSA 676:17, I (Supp. 2007). Town of Amherst, 157 N.H. at 276. The defendant argued that the penalty was unlawful because the district court lacked jurisdiction to impose a civil penalty in excess of $25,000. Id. at 277; see RSA 502-A:14, II (1997) (district court has concurrent jurisdiction with superior court "of civil actions for damages in which the damages claimed do not exceed $25,000"). The plaintiff conceded that the penalty exceeded the jurisdictional limit of the court, but argued that because RSA 676:17, I, imposed a fine of $275 for the first offense for each day the violation continued, the penalty imposed was 154 separate awards of $275 each, and was, therefore, lawful. Town of Amherst, 157 N.H. at 277.

We recognized that "the district court may, under certain circumstances, retain jurisdiction even though the aggregate amount of damages awarded for individual violations exceeds the jurisdictional limit in RSA 502-A:14, II." Id. at 278. However, the statutes that we had previously interpreted in that manner

---

[3] Effective July 1, 2011, the jurisdiction that RSA 504-A:14 conferred to the former district court was subsumed by the newly created circuit court. See RSA 490-F:3 (Supp. 2014). Because this case was filed before the circuit court was established, for ease of understanding, we refer to the trial court as the district court throughout this opinion.

contained explicit language providing that "each day that a violation continues shall constitute a separate violation." See, e.g., Simpson v. Young, 153 N.H. 471, 478 (2006) (interpreting RSA 540-A:4 (2007)); Town of Henniker v. Homo, 136 N.H. 88, 90 (1992) (interpreting RSA 236:114 (1993)). We stated in Town of Amherst that "RSA 676:17, I, unlike the statutes at issue in Simpson and Town of Henniker, does not provide that each day of violation constitutes a separate offense." Town of Amherst, 157 N.H. at 278. Following our canons of construction, we "assume[d] that a statute that lacks a similarly worded phrase has a different meaning than a statute that contains one." Id. at 279. Therefore, "because RSA 676:17, I, [did] not indicate that each day of violation constitutes a separate offense, and, in fact, indicate[d] that a continuing violation is a single offense, we conclude[d] that the district court lacked authority to impose a civil penalty in excess of $25,000." Id. We also stated that the legislature was free to clarify RSA 676:17, I, if our interpretation was inconsistent with its intent. Id.

The legislature responded soon thereafter and amended RSA 676:17, I, by adding language stating that "[e]ach day that a violation continues shall be a separate offense." Laws 2009, 173:1. This amendment was passed in July 2009 and took effect on September 11, 2009. Laws 2009, 173:2. The land use citation in the instant case was filed on December 12, 2008, but no judgment was entered by the district court until after the amendment took effect. Accordingly, the issue we must decide is whether the statutory amendment should be applied to this case.

"We have long held that statutes are presumptively intended to operate prospectively." Autofair 1477, L.P. v. American Honda Motor Co., 166 N.H. 599, 602 (2014) (quotation omitted). "When the legislature is silent as to whether a statute should apply prospectively or retrospectively, as is the case here, our interpretation turns on whether the statute affects the parties' substantive or procedural rights." Id. (quotation omitted). "When a statute is remedial or procedural in nature, it may be applied to cases pending at the time of enactment." Id. (quotation omitted). "If application of a new law would adversely affect an individual's substantive rights, however, it may not be applied retroactively." Id. (quotation omitted). "Nevertheless, in the final analysis, the question of retrospective application rests on a determination of fundamental fairness, because the underlying purpose of all legislation is to promote justice." Id. (quotation omitted).

We thus must determine whether the amendment to RSA 676:17, I, is remedial in nature or, instead, affects substantive rights. "A remedial statute is one designed to cure a mischief or remedy a defect in existing laws." In the Matter of Kenick & Bailey, 156 N.H. 356, 359 (2007) (quotation omitted). On the other hand, "[s]ubstantive rights are vested rights." Id. at 360. "[T]o be vested, a right must be more than a mere expectation based on an anticipation of the continuance of existing law; it must have become a title, legal or

equitable, to the present or future enforcement of a demand, or a legal exemption from the demand of another." In the Matter of Goldman & Elliott, 151 N.H. 770, 774 (2005) (quotation omitted).

In this case, the bill to amend RSA 676:17, I, House Bill 106, was introduced in the House with a curative purpose:

> This bill fixes a problem resulting from a recent supreme court interpretation of zoning statutes. Violations of municipal land use laws may be prosecuted in either district or superior court. District courts however, have jurisdiction only over those cases in which the damages or penalties do not exceed $25,000. A continuing violation could exceed this limit if treated as a single offense. This change, making each day a separate offense, gives municipalities the option of prosecuting all zoning violations in district court where the procedures are simpler and faster.

N.H.H.R. Jour. 64 (2009). This purpose was echoed in the Senate: "This bill clarifies that each day of a violation for a land use ordinance constitutes a separate offense. The reason this clarification is necessary is because of a recent New Hampshire Supreme Court decision which will keep many municipalities out of District Court . . . ." N.H.S. Jour. 2064 (2009).

This legislative history demonstrates that the amendment was intended to remedy a perceived defect in the law, based upon our decision in Town of Amherst, that could deter municipalities from filing zoning enforcement cases in the district court if the penalties for ongoing violations could exceed $25,000. Although the legislature's intent clearly was remedial, we also must consider the amendment's actual effect on the parties' rights. See Autofair, 166 N.H. at 602.

We have not addressed the exact issue presented here, but we have addressed the retroactivity of jurisdiction-expanding statutory amendments in other contexts. In Workplace Systems, Inc. v. CIGNA Property & Casualty Insurance Co., 143 N.H. 322 (1999), we examined an amendment to RSA 491:22 (1983) that "expand[ed] the subject matter jurisdiction of the superior court to entertain a declaratory judgment action" when the "underlying writ was filed in federal court." Workplace Systems, 143 N.H. at 323-24. We determined that "the legislature merely gave the [party] another avenue through which to determine its existing rights." Id. at 324. We further stated, "The fact that implementation of the amended version of RSA 491:22 may alter the parties' relative positions by allowing the plaintiff to file a declaratory judgment action does not in itself make the amendment substantive." Id. at 325. Similarly, in Property Owners Ass'n at Suissevale, Inc. v. Sholley, 111 N.H. 363 (1971), we held that a statute expanding in personam jurisdiction of the court did not change substantive rights. Sholley, 111 N.H. at 365. We

stated: "The increased reach of our jurisdiction provided by the statute means that [the defendant] must answer for his acts here rather than another forum, but his rights remain the same whether he is answering for acts committed before or after the new statute." Id.

In Smith v. Sampson, 114 N.H. 638 (1974), the issue concerned an amended statute, RSA 540:25 (Supp. 1973), which governed "the procedure to be followed by the plaintiff to appeal to the superior court the decision made of her possessory rights by the district court." Smith, 114 N.H. at 641. We held that such statutes "are called remedial and become operative on their effective date even though the actions which determined the substantive rights took place before the statute became effective." Id.; see also Eldridge v. Eldridge, 136 N.H. 611, 615 (1993) ("The statute, when applied to the facts of the present case, relates to antecedent facts, but it neither creates any new obligations nor establishes any new duties."). In contrast, we have held that when a statute "would increase the defendant's liability over what it was at the time of the accident," it imposed "new liabilities upon defendants of a substantive nature" and, therefore, "should be applied only to causes of action which arose after the effective date of the new law." LaBarre v. Daneault, 123 N.H. 267, 272 (1983).

Here, the amendment to RSA 676:17, I, did not change the defendant's substantive rights. He was always subject to the same penalties for the violations he committed. The amendment "merely allows the parties' respective rights to be adjudicated in an additional forum." Workplace Systems, 143 N.H. at 325. Prior to the amendment, the Town could have brought the exact same claim, and been awarded the exact same judgment, in the superior court. The fact that the Town actually filed the matter in district court at that time is of no consequence because the district court never entered a judgment on the claim before the statute was amended and the Town could have transferred the matter to superior court. The only consequence of the amendment is that the Town was relieved of the need to transfer to superior court if it wanted to collect more than $25,000. This expansion of the jurisdiction of the district court is remedial, and therefore, the amendment can be applied to the instant case. Because the amended statute contains explicit language providing that "[e]ach day that a violation continues shall constitute a separate violation," RSA 676:17, I, the district court has jurisdiction "even though the aggregate amount of damages awarded for individual violations exceeds the jurisdictional limit in RSA 502-A:14, II." Town of Amherst, 157 N.H. at 278. Accordingly, we hold that the trial court did not exceed its authority when it imposed the penalty of $344,025 on the defendant.

VI

We now address the defendant's "Motion for Rule 16-A 'Plain Error,' Constitutional Questions," which he filed on June 23, 2015. He has failed to

9

present a developed argument showing that the conditions for our granting plain error review have been satisfied. To the extent that the defendant seeks to add issues, he did not file the motion until long after his brief was due. Sup. Ct. R. 16(3)(b) ("Motions to add a question . . . shall be filed at least 20 days prior to the due date of the moving party's brief."). Thus, we deny his motion. In its objection to the motion, the Town seeks restrictions on the defendant's right to file further pleadings. The trial court is the proper forum in which to request such relief. See ATV Watch v. N.H. Dep't of Resources & Econ. Dev., 155 N.H. 434, 437-38 (2007) ("The trial court retains the discretion to decide whether to grant an injunction after consideration of the facts and established principles of equity." (quotation omitted)). Insofar as the Town argues that the defendant's filings are an abuse of the judicial process, that issue should be addressed by the trial court in the first instance. Cf. Roy v. Manchester Gas Co., 113 N.H. 140, 141 (1973) (affirming trial court order "prohibiting the plaintiff from filing further pleadings in the courts of this State"); In re Brewster, 115 N.H. 636, 638 (1975) ("Of course, those appearing pro se are required to abide by and are bound by the same rules of procedure as are those with counsel . . . .").

Affirmed.

DALIANIS, C.J., and HICKS, CONBOY, and BASSETT, JJ., concurred.