**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0314, <u>Town of Amherst v. Rosemary Gilroy</u>, the court on March 24, 2017, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant, Rosemary Gilroy, appeals an order of the Circuit Court (<u>Moore</u>, J.) declining to amend its 2008 judgment imposing a $25,000 civil penalty upon her, and awarding the plaintiff, the Town of Amherst (Town), approximately $12,000 in attorney's fees and costs. We affirm.

The defendant owns property in Amherst. <u>Town of Amherst v. Gilroy</u>, 157 N.H. 275, 276 (2008), <u>superseded by statute</u>, Laws 2009, 173:1. In 2006, the Town sought damages against the defendant because she had maintained a non-conforming shed on her property in violation of certain regulations and ordinances. <u>Id</u>. Ultimately, the trial court imposed a civil penalty of $275 per day for each of 154 days of violation ($42,350) and awarded attorney's fees and costs to the Town. <u>Id</u>. The court made its civil penalty conditional, stating that if the defendant either removed the non-conforming shed or brought the shed into compliance, the penalty would be stricken. <u>Id</u>.

Rather than remove the shed or bring it into compliance, the defendant appealed the civil penalty and the award of attorney's fees and costs. <u>See</u> <u>id</u>. In a May 6, 2008 order, we dismissed her appeal of the award of attorney's fees and costs.

We then asked the parties for further briefing as to whether the district court (now district division of the circuit court) had jurisdiction to impose a penalty in excess of its $25,000 jurisdictional limit set by statute. <u>See</u> RSA 502-A:14, II (2010); <u>see</u> <u>also</u> RSA 490-F:3 (Supp. 2016) (the jurisdiction that RSA 504-A:14 conferred to the former district court was subsumed by the district division of the newly-created circuit court). In response, the Town "conced[ed] that the penalty exceeded the . . . jurisdictional limit set forth in RSA 502-A:14, II," but contended that "because RSA 676:17, I, subjects a person who violates a zoning ordinance to a civil penalty for the first offense 'for each day that such violation is found to continue,'" we had to "view the penalty awarded as 154 separate awards in the amount of $275 each." <u>Gilroy</u>, 157 N.H. at 277.

We declined the Town's invitation to view the $42,350 penalty as 154 separate awards of $275 each because, at that time, RSA 676:17, I, did not

state that each day of violation constitutes a separate offense.  Id. at 278-79.  But see RSA 676:17, I (2016) (as amended in 2009, the statute now states that each day of violation constitutes a separate offense); Town of Bartlett v. Furlong, 168 N.H. 171, 177-81 (2015) (determining that the 2009 amendment to RSA 676:17, I, is remedial and applied retroactively to the defendant in that case).  Absent that language, we held that "a continuing violation under RSA 676:17, I, . . . constitutes a single offense," meaning that we could not view the penalty as consisting of 154 separate $275 judgments.  Gilroy, 157 N.H. at 279.  Thus, because the violation was one offense that continued, the statute authorized a civil penalty of $275 for each day that such violation was found to continue.  Because of the jurisdictional limit imposed by RSA 502-A:14, II, however, we concluded "that the district court lacked authority to impose a civil penalty in excess of $25,000."  Id.

On remand, the trial court followed our direction and reduced the amount of the civil penalty to $25,000.  It also upheld its original award of reasonable attorney's fees and costs.  The defendant did not appeal the trial court's order on remand.  Instead, she declined to pay the fine and attorney's fees and costs.

In January 2016, approximately eight years after the trial court had reduced the defendant's fine to $25,000, she filed a motion to "close" the case, requesting that the court reduce the fine further "to a far more reasonable fine" and that it find that her property now conforms to zoning requirements.

In denying her motion, the trial court explained that its 2008 order was "final and conclusive" and could not be collaterally attacked except for jurisdictional defects.  The court also determined that justice did not require vacating or amending its 2008 judgment.  Consistent with its prior order, the court awarded additional fees and costs, representing those which the Town incurred through April 6, 2016, and allowed the Town to submit an affidavit relating to any further fees and costs it incurred in this litigation.

On appeal, the defendant argues that we should vacate the trial court's decision and order the trial court to impose one $275 penalty upon her because, she asserts, this is what Gilroy requires.  We need not decide whether the trial court's order on remand erroneously concluded that the defendant's conduct could be sanctioned as separate violations of RSA 676:17, I, rather than as a single, continuous violation of that statute.  Even if we assume that the trial court erred, the defendant did not appeal that ruling.  Consequently, she is bound by that judgment and may not challenge it in this appeal.

In her remaining appellate arguments, the defendant asserts that:  (1) the trial court's award of additional fees and costs to the Town is unfair and violates RSA 676:17, II (2016); (2) the Town's attorney violated various rules of professional conduct; (3) the superior court erred when it entered an

2

attachment on her property (which attachment is not at issue in this appeal); (4) she is elderly and without the means to pay the $25,000 judgment and $12,000 attorney's fee award given her limited income and other liens on her property; and (5) the Town acted in bad faith when it initiated the original court proceeding against her.  We have reviewed the defendant's remaining arguments and conclude that they do not warrant further discussion.  See Vogel v. Vogel, 137 N.H. 321, 322 (1999).

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**
