# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0370, <u>Town of Bartlett v. Edward C. Furlong, III d/b/a Lil' Man Snowmobile Rentals</u>, the court on May 3, 2019, issued the following order:**

The defendant's motion "for leave to reply to" the plaintiff's objection to his motion "for expedited consideration for plain error ruling" is granted to the limited extent that the defendant requests the court to consider his arguments contained within the motion for leave to reply. Otherwise, the relief requested in the motion for leave to reply is denied. The relief requested in the motion "for expedited consideration for plain error ruling" is, likewise, denied. Having considered the defendant's brief and reply brief, the town's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Edward C. Furlong, III, appeals an order of the Circuit Court (<u>Boyle</u>, J.) denying his motion to vacate the judgment that we upheld in <u>Town of Bartlett v. Furlong</u>, 168 N.H. 171 (2015). He argues, in part, that the presiding trial judge in <u>Furlong</u>, Judge Pamela Albee, had an undisclosed conflict of interest that compelled her disqualification from the case, and that now entitles him to a new trial.[1] The town counters that there was no conflict of interest requiring Judge Albee's disqualification, and that, in view of the defendant's currently-pending bankruptcy, only the bankruptcy court has jurisdiction to grant the relief that the defendant seeks. Because we conclude that the defendant has not established a basis for Judge Albee's recusal, we will assume, without deciding, that we have jurisdiction to decide this appeal.

"[T]he Code of Judicial Conduct requires disqualification of a judge in a proceeding in which the judge's impartiality might reasonably be questioned

---

[1] In our order of September 28, 2018, we granted the town's motion to dismiss the appeal as to all issues raised in the notice of appeal other than question 6, which reads, "Whether Judge Boyle's denial of defendant's motion to vacate was an unsustainable act of discretion?" The motion to vacate was based solely upon Judge Albee's alleged conflict of interest. Thus, the only issue that is properly before us is whether the trial court erred by not vacating the judgment on the basis of Judge Albee's alleged conflict of interest, and we decline to review those arguments in the defendant's brief that are beyond the scope of this issue, or those documents in his appendix that were not submitted by the parties in connection with the motion to vacate, <u>see</u> <u>Sup. Ct. R.</u> 13(1) (defining the record). To the extent that the town, in its motion to strike portions of the defendant's brief and appendix, seeks to strike arguments or documents that are within the scope of our review as described above, the motion is denied. To the extent it seeks to strike arguments or documents that are beyond the scope of our review as described above, the motion is moot.

and to avoid even the appearance of impropriety." Achille v. Achille, 167 N.H. 706, 710 (2015) (quotation omitted). Whether there is an appearance of impropriety is determined under an objective standard, that is, would a reasonable person, and not the judge herself, question the judge's impartiality? Id. The test is whether an objective, disinterested observer, fully informed of the facts, would entertain significant doubt that justice would be done in the case. Id. We have held that an appearance of partiality exists, as a matter of law, when the trial judge is related within the third degree to a partner of a law firm that represents a party-in-interest before the trial judge. See Blaisdell v. City of Rochester, 135 N.H. 589, 592-94 (1992); Sup. Ct. R. 38, Canon 2.11(A)(2). The party claiming an appearance of partiality bears the burden of proof. See LaMontagne Builders v. Brooks, 154 N.H. 252, 263 (2015).

In this case, the defendant asserted in his motion to vacate that Judge Albee had "a 3rd degree conflict of interest with" a lawyer, Debra Fauver, who was employed by a law firm that also employed his prior counsel in the case, Randall Cooper. According to the defendant, Judge Albee was aware that he had sued Cooper for legal malpractice. The defendant claimed that Fauver was Judge Albee's "former law partner," and relied upon Blaisdell to argue that Judge Albee's disqualification, and the disclosure of her relationship with Fauver and her law firm, were required.

Despite his allegation of a "3rd degree conflict of interest," however, the defendant offered no proof of any familial relationship between Judge Albee and Fauver. See Sup. Ct. R. 38, terminology (defining "third degree of relationship" to include a "great-grandparent, grandparent, parent, uncle, aunt, brother, sister, child, grandchild, great-grandchild, nephew, and niece"). This case is unlike Blaisdell, in which the trial judge was the nephew of a partner of the law firm that was representing a party adverse to the party seeking the judge's recusal. Blaisdell, 135 N.H. at 591. Instead, the only evidence of any relationship between Judge Albee and Fauver that the defendant offered was a biographical summary of Fauver that he had apparently printed from her law firm's website, stating: "Prior to joining the firm, [Fauver] worked as an associate attorney in the law practice of Pamela D. Albee . . . ."

The mere fact that a judge, at some point in the past, had an employment relationship with another attorney is not, by itself, enough to create a reasonable question concerning the judge's impartiality, even when the other attorney represents a party-in-interest before the judge. See Hauptmann v. Wilentz, 555 F. Supp. 28, 32 (D.N.J. 1982) (rejecting argument that trial judge's former status as partner of a law firm at a time that the firm employed, twenty years previously, an attorney for one of the parties to the case created a reasonable question concerning the judge's impartiality when the judge's relationship with the law firm had terminated thirteen years previously). In this case, the defendant offered no evidence of any ongoing relationship between Judge Albee and Fauver, or with any other person associated with

2

Cooper's law firm.  Nor did he offer any evidence concerning when Fauver was "an associate attorney in the law practice of Pamela D. Albee," or when that employment relationship terminated.  We conclude that the mere fact that Judge Albee, prior to her appointment to the bench, employed Fauver in her law practice does not give rise to a reasonable question concerning Judge Albee's impartiality.  Accordingly, the trial court did not err by denying the motion to vacate the judgment in this case.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**